Nick Pacheco, Esq. (SBN 173391)
Hnickpacheco@nickpachecolaw.com
NICK PACHECO LAW GROUP
A Professional Corporation
15501 San Fernando Mission Blvd., Suite 110
Mission Hills, California 91345
Telephone: (888) 888-8641
Facsimile: (800) 210-0028
File No.: 12907
Attorneys for Plaintiff ROMAN OSORIO

FILED

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROMAN OSORIO,<br><br>              Plaintiff.<br><br>vs.<br><br>WELLS FARGO BANK, N.A.;<br>CAL-WESTERN RECONVEYANCE<br>CORPORATION; FOLDEN ENTERPRISES,<br>INC.; VICENTE A. JAIMEZ; and DOES 1<br>through 20 Inclusive,<br><br>              Defendants. | Case No: CV-122645<br><br>Assigned to the Honorable Elizabeth D. Laporte, Magistrate Judge<br><br>**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:<br>TIME:<br>DEPT:<br>JUDGE:<br><br>Complaint Filed: May 10, 2012<br><br>[Superior Court of California, County of San Mateo, Case No.: CIV-513716] |

Plaintiff ROMAN OSORIO, ("Plaintiff"), by and through his undersigned counsel, hereby applies *ex parte* for a Temporary Restraining Order and Order to Show Cause Regarding a Preliminary Injunction to enjoin Defendants WELLS FARGO BANK, N.A., and CAL-WESTERN RECONVEYANCE CORPORATION (collectively, "Defendant") and their agents,

---

1

**PLAINTIFF'S *EX PARTE* APPLICATION**

employees, representatives, successors, partners, assigns, and those acting in concert or in participation with them, from conducting a Trustee's Sale scheduled for May 25, 2012.

Plaintiff's Motion for a *Mabry* Evidentiary Hearing and to Postpone a Non-Judicial Foreclosure was scheduled on June 29, 2012 at 9:00 a.m., in the Law & Motion Department of the Superior Court of California, County of San Mateo located at: 400 County Center Drive, Redwood City, California 94063 ("San Mateo Court"). Plaintiff's *ex parte* application was initially scheduled for May 23, 2012 at 2:00 p.m., in the San Mateo Court.

On May 23, 2012 Plaintiff's counsel was informed via email by Keith D. Yandell, Esq., from Allen Matkins Leck Gamble Mallory & Natsis LLP, counsel for Defendant WELLS, that the Trustee's Sale scheduled on May 25, 2012 will not be voluntarily postponed (See Declaration of Armen Yedalyan in Support of Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction).

Good cause exists for an *ex parte* hearing on Plaintiff's application for a Temporary Restraining Order ("TRO") before May 25, 2012 because of the impossibility of having an Order to Show Cause regarding a Preliminary Injunction heard prior to the foreclosure sale date scheduled on May 25, 2012.

Good cause exists here for two reasons: (1) Plaintiff will suffer irreparable harm and serious hardship if the non-judicial foreclosure is not postponed, and Plaintiff's injury will be uncompensable in damages if Defendant is allowed to proceed with non-judicial foreclosure; and (2) Plaintiff has filed a good faith civil action against Defendant, challenging the legality of the non-judicial foreclosure.

///
///
///
///
///
///
///

This application is based on Plaintiff's Complaint which is based in part on the violations of California Civil Code sections 2924, 2923.5, together with the Memorandum of Points and Authorities, the Declaration of Roman Osorio attached hereto, the pleadings and records on file with the Court in this matter, and such further evidence and argument as the Court may choose to consider.

Dated: May 24, 2012                                             Respectfully submitted,

                                                                  NICK PACHECO LAW GROUP
                                                                   A Professional Corporation


                                                                   /s/ Nick Pacheco
                                                                   Nick Pacheco, Esq.
                                                                   Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Pursuant to California Civil Code section 2924(g) Plaintiff ROMAN OSORIO (the "Plaintiff") applies *ex parte* for a Temporary Restraining Order to postpone the trustee's sale scheduled on May 25, 2012. Defendants are involved in a "fraudulent and illegal scheme" which includes tactics of recording false and misleading documents in the San Mateo County Recorder's Office for the purpose of initiating wrongful foreclosure.

Defendant has violated, and is continuing to violate, California Civil Code sections 2924 and 2923.5 (prohibiting foreclosure without contacting borrower to explore foreclosure avoidance). The relief which Plaintiff requests is necessary to protect Plaintiff's home from being foreclosed upon and Plaintiff being irreparably harmed by Defendants' misconduct.

### *EX PARTE* NOTICE WAS GIVEN

Plaintiff gave proper *ex parte* notice of this application pursuant to Rules 3.1203 and 3.1204 of the California Rules of Court. As of 12:00 p.m., on May 24, 2012, plaintiff's counsel was unable to determine whether or not Defendants CAL-WESTERN and JAIMEZ would oppose this *ex parte* application. Defendant FOLDEN will not be opposing this *ex parte* application. Defendant WELLS will be opposing by and through its attorney Keith D. Yandell, Esq. (See Declarations of Armen Yedalyan and Kenyera Moya regarding *ex parte* notice).

### LEGAL STANDARD

A party seeking a preliminary injunction must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., — U.S. —, 129 S. Ct. 365, 374 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

///
///
///

## STATEMENT OF FACTS

Plaintiff's home is currently scheduled to be auctioned at an unlawful foreclosure sale on May 25, 2012.

On or about May 4, 2007, WORLD SAVINGS BANK, F.S.B., ("WSB"), Defendants FOLDEN ENTERPRISES, INC., ("FOLDEN"), VICENTE A. JAIMEZ ("JAIMEZ"), and/or DOES 1 through 20, lured Plaintiff into getting a Pick-A-Payment Adjustable Rate Mortgage loan in the amount of $480,000.00. The mortgage loan has prepayment penalties and variable monthly payments (the "PICK-A-PAY ARM PREPAY"). The PICK-A-PAY ARM PREPAY had an initial teaser rate of 6.690½% which adjusted and increased the monthly payments at least ten (10) times by the end of the loan based on the final Truth-In-Lending statement.

WSB, Defendants FOLDEN, JAIMEZ, and/or DOES 1 through 20, executed a classic "Bait and Switch" tactic by promising one thing during their initial conversations with Plaintiff, such as the initial teaser rate then taking advantage of his limited ability to read English having her sign documents which had terms contrary to their promise, which included the PICK-A-PAY ARM PREPAY, of which Plaintiff was never aware. The documents given to Plaintiff to sign were written in English and did not reflect the terms and conditions promised by WSB and Defendants FOLDEN and JAIMEZ.

Defendant WELLS, as holder of the all rights and interests under the Note, must also accept all obligations and liabilities that flow from the fraudulent conduct of WSB, Defendants FOLDEN and JAIMEZ in forming the alleged agreement between the parties.

By enforcing the terms of the contract, instituting and continuing foreclosure proceedings, Defendants WELLS and CAL-WESTERN are also liable for enforcement of the contract.

On or about October 4, 2011, Defendant CAL-WESTERN issued a defective Notice of Default (the "NOD"), acting on its own, as trustee or agent for the beneficiary, in the San Mateo County Recorder's Office as Instrument No.: 2011-116583.

The NOD Foreclosure Declaration filed along with or part of the NOD, pursuant to California Civil Code section 2923.5 in the San Mateo County Recorder's office by Defendants,

as signed by "LYDIA LOPEZ" is inaccurate and/or fraudulent. The NOD Foreclosure Declaration misrepresents that, "Wells Fargo Bank, N.A., has tried with due diligence as prescribed by Cal. Civ. Code Section 2923.5 (g), to contact the borrower."

The NOD Foreclosure Declaration signed by Lydia Lopez is inaccurate and false because Plaintiff did not evade contact and Defendants did not try with due diligence to contact Plaintiff.

At all times prior to Defendants' filing of the NOD, Plaintiff was available to meet with mortgagee, beneficiary, or authorized agent to assess Plaintiff's financial situation and explore options to avoid foreclosure.

As such, the NOD is facially defective and does not meet the threshold requirement of containing an accurate NOD Foreclosure Declaration, as required by Cal. Civ. Code 2923.5:

> (b) A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h).

Here, Plaintiff alleges and can establish prima facie violations of law and at the very least have a fair chance of prevailing on the merits. Defendant is not only guilty of wrongful foreclosure they have also committed fraud and violated a host of statutes.

This case presents a prototypical situation in which staying of non-judicial foreclosure is appropriate.

## ARGUMENT

The function and purpose of a preliminary injunction is to prevent irreparable injury pending an ultimate determination of the action. Marine Cooks & Stewards, AFL v. Panama S. S. Co. 268 F.2d 935 (9th Cir. 1959). The Ninth Circuit's standard for granting a temporary restraining order or preliminary injunctive relief is as follows: the moving party must demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships trip sharply in favor of the moving party. These standards are not separate tests but the outer reaches of a single continuum. Stuhlbarg Inter. Sales Co., Inc. v. John D. Brush and Co., Inc. 240 F.3d 832, 839-840 (9th Cir. 2001) (internal citations and quotations omitted).

6
**PLAINTIFF'S *EX PARTE* APPLICATION**

Plaintiff meets each of these elements, and accordingly, is entitled to the requested relief.

## A. Plaintiff is Likely to Prevail on the Merits of His Complaint

The purpose, goal, and policy of this law is to open a dialogue with the borrower and "even the playing field." Simply sending a series of letters despite being in contact with the borrower is not compliance with the law, particularly those written in English to borrowers who have an inability to understand English.

In his declaration, Plaintiff alleges and can establish a violation of Civil Code Section 2923.5. This case presents a prototypical situation in which postponement of non-judicial foreclosure is appropriate. This Court should exercise its authority under California Civil Code Section 2924g(c)(1)(A) and issue an order postponing the non-judicial foreclosure sale of Plaintiff's home until the mortgagee, beneficiary, or authorized agent complies with Civil Code Section 2923.5.

Therefore, the Court should restrain defendant based on defendant's violation of Cal. Civ. Code § 2923.5.

### i. Defendant Failed to Comply with the Detailed Statutory Requirements of Cal. Civ. Code § 2923.5

Satisfying the requirements of Cal. Civ. Code § 2923.5 demands that defendants "must do [these] things in order to comply with the law." Mabry v. Superior Court, (2010) 185 Cal.App.4th, 208, 221. "If section 2923.5 is not complied with, then there is no valid notice of default, and without a valid notice of default, a foreclosure sale cannot proceed." Id at 212.

Cal. Civ. Code § 2923.5(a)(2) requires a "mortgagee, beneficiary or authorized agent" to contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure to advise the borrowers of their rights to request a subsequent meeting, which shall occur within 14 days of the borrower's request, and to provide the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency.

///

Cal. Civ. Code § 2923.5(g) requires a "mortgagee, beneficiary or authorized agent" to send a First Class Letter mailed 30 days prior to filing the NOD, making three telephone calls at different times and on different days 30 days prior to filing the NOD, wait two weeks after completing the three required telephone calls, sending a certified letter with return receipt requested and having a website that prominently links to (a) options that may be available to the borrower to avoid foreclosure, (b) a list of financial documents the borrower should collect, (c) a toll free number to discuss possible avoidance options, and (d) a HUD toll free number.

Under Civil Code Section 2924 et seq., in order to affect a foreclosure, a lender must properly serve and record a Notice of Default setting forth the borrower's breach. After 90 days (three months), have elapsed, the lender must thereafter properly serve and record a Notice of Trustee Sale at least 20 days prior to the actual sale date. Assuming proper compliance with the law, the property is then auctioned to the highest bidder at a foreclosure sale.

These statutes create an absolute duty upon Defendant which must be satisfied before a Notice of Default is issued. However, as established by the Declaration of Maria G. Sosa and the FAC herein, Defendant undeniably failed to perform the steps required by Section 2923.5 before recording the Notice of Default and issuing a Notice of Trustee's Sale. Defendant also failed to comply with Section 2924, in that they recorded a Notice of Default without complying with the pre-NOD requirements of Section 2923.5.

In this instant case, Defendants had the following duties:

Defendant owed a duty to comply with the foreclosure avoidance and work out plan requirements of Cal. Civ. Code § 2923.5.

Defendants owed a duty to Plaintiff to ensure that a non-judicial foreclosure process on the Subject Property was conducted fairly and according to prescribed statutory procedures, including those contained in Cal. Civ. Code § 2923.5 and 2924. California Civil Code § 2923.5 expressly required Defendants to engage in certain communications and contact, or attempt to engage in such communications and contact with Plaintiff to help her avoid foreclosure on the Subject Property. Further, Defendants were required to conduct these communications and contacts prior to filing the Notice of Default against Subject Property.

Contrary to the requirements of Cal. Civ. Code § 2923.5 Defendant neither contacted nor attempted to contact Plaintiff as required to be compliant prior to filing of Notice of Default or commencing of the foreclosure proceedings, and as such the non-judicial foreclosure is not being conducted in accordance with of Cal. Civ. Code § 2924.

As a proximate result of the Defendants' failure to contact Plaintiff, it is clear that Cal. Civ. Code § 2923.5 absolutely precludes Defendant from filing a Notice of Default pursuant to Cal. Civ. Code § 2924 until 30 days after contact is made with Plaintiff or until due diligence requirements are met.

Since Defendants failed to contact Plaintiff to satisfy the detailed requirements of Cal. Civ. Code § 2923.5(a)(2), and did not adhere to the mandates laid out by legislature before commencing a non-judicial foreclosure, they are precluded from proceeding with non-judicial foreclosure pursuant Cal. Civ. Code § 2924 until the requisite contact is made with Plaintiff.

Defendants engaged in misconduct or neglect when making a fraudulent declaration of compliance with statutory requirements.

Pursuant to subdivision (g) of California Civil Code § 2924 Defendant must rescind the Notice of Default to allow Defendant to postpone the sale of the Subject Property until such time that they have complied with requirements of Cal. Civ. Code § 2923.5.

**B. Likelihood of Irreparable Harm**

A Plaintiff seeking a temporary restraining order or preliminary injunction must demonstrate that "irreparable injury is likely in the absence of an injunction." Winter, 129 S.Ct. at 375. This requires a plaintiff to demonstrate more than the "possibility" of irreparable harm. Id.

If the foreclosure sale of Plaintiff's home proceeds as scheduled on May 25, 2012, Plaintiff will lose his home. Losing one's home through foreclosure is an irreparable injury because "[t]he loss one one's home through foreclosure generally is considered sufficient to establish irreparable harm." See Tamburri v. Suntrust Mortg., Inc. (2011) 2011 WL 2654093; citing Washington v. National City Mortg. Co., No. C 10-5042 SBA, 2010 U.S. Dist. LEXIS 136439, at 15, 2010 WL 5211506 (N.D. Cal. Dec. 16, 2010)(expressly stating such). Numerous courts have found this injury enough by itself to mandate preliminary injunctive relief. United Church

of Med. Ctr. v. Med. Ctr. Common (7th Cir. 1982) 689 F.2d 693, 701; Nichols v. Deutsche Bank Nat. Trust Co. (S.D. Cal.2007) WL4181111, at 2.

Plaintiff has thus demonstrated the likelihood of irreparable injury absent judicial intervention.

## C. Public Interest

A Plaintiff seeking a temporary restraining order or preliminary injunction must demonstrate that an injunction is in the public interest. Winter, 129 S.Ct. at 374. Plaintiffs bear the initial burden. Stormans, Inc. v. Selecky, 586 F.3d 1109, 1139 (9th Cir. 2009) (citing Winter, 129 S.Ct. at 378).

There is a strong interest in accurately resolving ownership of real property. See DaSilva v. Wells Fargo Bank, N.A., No. 3:10-cv-00381, 2010 WL 3910139, at *7 (D. Nev. Oct. 1, 2010) ("[The] public interest in the prevention of improper non-judicial foreclosures is great."); See also Tamburri at 5; Sencion v. Saxon Mortg. Servs., LLC, No. 5:10-cv-3108 JF, 2011 U.S. Dist. LEXIS 41022, at 8-9, 2011 WL 1364007 (N.D. Cal. Apr. 11, 2011); see also Naderski v. Wells Fargo Bank, N.A., No. CV 11-1783 CAS (CWx), 2011 U.S. Dist. LEXIS 48867, at 6, 2011 WL1627161 (noting that "[t]he public interest ... weighs in favor of preventing wrongful foreclosure of individuals property); Dumas v. First Northern Bank, No. CIV. S-10-1523 LKK/DAD, 2011 U.S. Dist. LEXIS 16775, at 6, 2011 WL 567358 (E.D. Cal. Feb. 15, 2011) (stating that "[i]t is in there public interest to require lenders to comply with the California statutes enacted to protect homeowners from unnecessary foreclosures").

Because Plaintiff has demonstrated likelihood of success on the merits, plaintiff has shown that the public interest favors granting his request for a temporary restraining order.

## D. Balance of Hardships

In order to obtain injunctive relief, a plaintiff must establish that "the balance of equities tips in his favor." Winter, 129 S.Ct. at 374. The district court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. at 376 (quoting Amoco Production Co. v. Village of Gambell, Alaska, 480 U.S. 531, 542 (1987). "In exercising their sound discretion, courts of equity should pay particular

regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 129 S. Ct. at 376-77(quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982)).

The balance of hardships weighs in Plaintiff's favor. With regard to any money that defendants may lose, they will only experience a temporary delay in earning income from their investment, whereas plaintiff stands to lose her family home. See California Pharm. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 851 (stating that "[t]ypically, monetary harm does not constitute irreparable harm").

If the sale of Plaintiff's home proceeds as scheduled, plaintiff will lose his home. Even if defendants were ultimately to prevail, a temporary restraining order will only force them to delay the sale of the Property by a matter of days.

**E. No Bond Should Be Required**

District courts have broad discretion in determining the amount of a bond. *See* Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir.2003). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." Jorgensen v. Cassidy, 320 F.3d 906, 919 (9th Cir.2003). Here, there is no realistic harm to Defendants from a restraint of the foreclosure proceedings and trustee's sale. If the Defendants' position that the loans were valid is correct, then the loans are adequately secured by the very property in question; additional security is neither appropriate nor warranted. Phleger v. Countrywide Home Loans, Inc., 2007 WL 4105672 at 6 (N.D. Cal. 2007).

///
///
///
///
///
///
///
///

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court issue a Temporary Restraining Order and set an Order to Show Cause hearing regarding a Preliminary Injunction to enjoin defendant from conducting the trustee's sale scheduled on May 25, 2012.

Dated: May 24, 2012

Respectfully submitted,

NICK PACHECO LAW GROUP
A Professional Corporation


 /s/ Nick Pacheco
Nick Pacheco, Esq.
Hakop Keshishyan, Esq.
Attorney for Plaintiff