IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ROMAN OSORIO,

        Plaintiff,

   v.

WELLS FARGO BANK, et al.,

        Defendants.
_____/

No. C 12-02645 RS

**ORDER GRANTING TEMPORARY RESTRAINING ORDER, SETTING SCHEDULE FOR PRELIMINARY INJUNCTION HEARING AND ORDERING DEFENDANTS TO ADDRESS THE ISSUE OF FEDERAL JURISDICTION**

## I. INTRODUCTION

Plaintiff Roman Osorio filed this action in state court asserting claims for violation of California Civil Code § 2923.5, violation of California Business and Professions Code § 17200, fraud, and contractual breach of good faith and fair dealing. Defendants removed the case asserting diversity of citizenship. Plaintiff now seeks a temporary restraining order ("TRO") to prevent the foreclosure sale scheduled for May 25, 2012, of his property at 411 Larkspur Drive, East Palo Alto, California 94303. Defendants filed an opposition arguing that the Home Owner's Loan Act of 1933 ("HOLA") preempts plaintiff's claims. For the following reasons, plaintiff's motion is granted. A preliminary injunction hearing is set for June 7, 2012.

## II. STANDARD OF REVIEW

An application for preliminary relief requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc*., 555 U.S. 7, 21-22 (2008). The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*."). As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm. *Id.* at 1135.

## III. DISCUSSION

### A. Temporary Restraining Order

#### 1. Likelihood of Success on the Merits

To prevail, plaintiff must first show that he is likely to succeed on the merits of his claims. *Winter*, 555 U.S. at 20. In this analysis, the allegations of the complaint are to be taken as true. *Hughes v. Wells Fargo Bank, N.A.*, 2009 WL 5174987 at *1 (D. Ariz. Dec. 18, 2009). Here, while the complaint asserts a number of violations, Osorio's TRO papers focus solely on defendants' alleged violation of California Civil Code § 2923.5. This section provides that "a mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default . . . until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)." Cal. Civ. Code § 2923.5(a)(1). Under paragraph (2), the authorized agent must contact the borrower in person or by telephone to discuss the borrower's financial situation and assess whether there is a way to avoid foreclosure. Cal. Civ. Code § 2923.5(a)(2). Under subdivision (g), "a notice of default may be filed . . . when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." Cal. Civ. Code § 2923.5(g).

Plaintiff insists defendants violated these provisions because they neither contacted him in person nor by phone prior to filing the Notice of Default or commencing foreclosure proceedings. As evidence, Osorio submits his declaration attesting to these failures. (Osorio Decl. ¶ A & B). This showing is sufficient to demonstrate likelihood of success on the merits. *See Tamburri v. Suntrust Mortg.*, No. C-11-2899 EMC, 2011 WL 2654093, at *3 (N.D. Cal. July 6, 2011) (granting preliminary injunction based on plaintiff's declaration that defendants violated California Civil Code § 2923.5 by failing to contact him prior to commencing foreclosure proceedings).

In their opposition, defendants maintain that plaintiff's claims are preempted by HOLA. Under HOLA, the Office of Thrift Supervision ("OTS") has issued regulations expressly preempting any state laws that purport to regulate such matters as credit terms, originating and processing loans, and disclosures that must be provided in the lending process. *See* 12 C.F.R. § 560.2(b). Certain state laws, however, specifically including state contract, property, and tort law, are not preempted, "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." 12 C.F.R. § 560.2(c). Defendants have not shown that HOLA preemption applies here. First, while they argue that *any* claim under state law, including any claims relating to the foreclosure *process*, are preempted, there is simply no basis to find that HOLA precludes claims based on alleged failures to conduct non-judicial foreclosures in conformance with the requirements of California law. A lender's ability to resort to non-judicial foreclosure in this state arises from the fact that the California Legislature has enacted laws permitting the use of deeds of trust containing the power of sale and setting out the procedure for such foreclosures—it is not a lender's right in many states, and certainly does not derive from HOLA. A lender cannot on the one hand rely on California law as the foundation for its right to conduct a non-judicial foreclosure, while on the other hand ignore any restrictions or procedural requirements that are part of that process under California law.

Nor can a lender argue that complying with California procedures as to non-judicial foreclosures subjects it to a "regulatory patchwork" that HOLA preemption is intended to avoid. There is no federal or nationally-uniform standard for creating and enforcing security interests in real property. Were it not for the fact that California chose to permit non-judicial foreclosures in the first place, the lender would not have that power. Accordingly, while there is precedent for applying

1 HOLA preemption more broadly in actions like these, to the extent Osorio may be able in good faith
2 to allege facts showing that the foreclosure proceedings violated provisions of California law,
3 HOLA preemption would not serve as a basis for dismissal. *Ortiz v. Wells Fargo Bank*, N.A., C 10-
4 4812 RS, 2011 WL 4952979 (N.D. Cal. May 27, 2011). This factor, therefore, weighs in plaintiff's
5 favor.

### 2. Immediate, Irreparable Harm

If plaintiff's motion is denied, the foreclosure sale on May 25, 2012 will proceed and he will be evicted from his principal residence. Many courts have recognized that losing one's home through foreclosure constitutes irreparable harm. *Id.* at *2; *Manzano v. Misson Fed. Credit Union*, 10-CV-2681 JLS WVG, 2010 WL 5463102 (S.D. Cal. Dec. 29, 2010); *Wrobel v. S.L. Pope & Assocs.,* 2007 WL 2345036, *1 (S.D.Cal.2007); *see Cronkhite v. Kemp,* 741 F.Supp. 822, 825 (E.D.Wash.1989). This factor, therefore, also strongly supports granting the TRO.

### 3. Balance of the Equities & Public Interest

Finally, the party seeking preliminary relief must establish that the balance of equities weighs in his favor. *Winter*, 555 U.S. at 22-23. In determining whether plaintiff has met this burden, courts must consider "the interests of all parties and weigh the damage to each." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1203 (9th Cir.1980). Defendants argue that the balance of hardships tips in their favor because plaintiff is thousands of dollars behind on his mortgage payments and delayed over seven months in bringing suit. Defendants' monetary loss, however, does not outweigh the harm plaintiff would suffer if he lost his home, especially considering that any security defendants have in plaintiff's property will still remain. *Tamburri v. Suntrust Mortg*., 2011 WL 2654093, at *2; *Naderski v. Wells Fargo Bank, N.A.,* CV 11-1783 CAS CWX, 2011 WL 1627161 (C.D. Cal. Apr. 25, 2011) ("[The] balance of hardships tips sharply in plaintiff's favor: if the trustee's sale is not enjoined plaintiff is likely to forever lose his home, whereas defendants will only experience a temporary delay in earning income from their investment."). This final factor also weighs in favor of granting a temporary restraining order.

### B. Jurisdiction

Defendants removed this action from San Mateo County Superior Court, asserting diversity of citizenship. There is no dispute, however, that defendant Cal-Western Reconveyance

4

1   Corporation is a citizen of California, and that therefore removal jurisdiction would be lacking
2   unless it was fraudulently joined or its presence in this litigation otherwise can be disregarded. Even
3   in the absence of a motion to remand, the Court has an obligation to ensure that subject matter
4   jurisdiction exists prior to reaching any issue going to the merits. *See Valdez v. Allstate Ins. Co.*,
5   372 F.3d 1115, 1116 (9th Cir. 2004).

6   Assertions like those made by Wells Fargo here as to why Cal-Western does not defeat
7   diversity have been rejected in other similar cases. *See*, *e.g. Albert v. Wells Fargo Bank, N.A.* 2012
8   WL 1213718 (N.D.Cal., April 11, 2012); *Garnett v. Aurora Loan Services, LLC*, 2012 WL 1440920
9   (C.D.Cal., April 25, 2012). The party asserting the fraudulent joinder bears the burden of proof, and
10  remand must be granted unless the defendant can show that there is no possibility that the plaintiff
11  could prevail on any cause of action it brought against the non-diverse defendant. *See Levine v.
12  Allmerica Fin. Life Ins. & Annuity Co.,* 41 F.Supp.2d 1077, 1078 (C.D.Cal.1999). "The strong
13  presumption against removal jurisdiction means that the defendant always has the burden of
14  establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992) (internal
15  quotations omitted). "Courts should resolve doubts as to removability in favor of remanding the case
16  to state court." *Id.* Accordingly, defendants must explain to the Court why this action should not be
17  remanded.

## III. CONCLUSION

19  Plaintiff's motion for TRO is granted. The parties are ordered to appear a preliminary
20  injunction hearing on June 7, 2012 at **1:30 p.m.**, in Courtroom 3, 17th Floor, United States
21  Courthouse, 450 Golden Gate Avenue, San Francisco, California. Defendants are to file an
22  opposition no later than May 31, 2012 in which they address the question of whether this action
23  should be remanded to state court for lack of removal jurisdiction. Plaintiff may then file a reply
24  brief no later than June 4, 2012.

26  IT IS SO ORDERED.

28  Dated: 5/24/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

5