IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ROMAN OSORIO,

        Plaintiff,

v.

WELLS FARGO BANK, et al.,

        Defendants.

_____/

No. C 12-02645 RS

**ORDER REMANDING CASE FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION

Plaintiff Roman Osorio filed this action in state court asserting claims for violation of California Civil Code § 2923.5, California Business and Professions Code § 17200, fraud, and contractual breach of good faith and fair dealing. Defendants removed the case asserting diversity of citizenship and plaintiff subsequently moved for a temporary restraining order ("TRO") to prevent the foreclosure sale scheduled for May 25, 2012, of his property at 411 Larkspur Drive, East Palo Alto, California 94303. The TRO was granted, a preliminary injunction hearing was set for June 7, 2012, and defendants were ordered to submit further briefing on the question of whether this action should be remanded for lack of removal jurisdiction. Upon consideration of that supplemental briefing, this matter is hereby remanded.

## II. FACTUAL BACKGROUND

In May 2007, plaintiff and defendants World Savings Bank, Folden Enterprises and Vincente Jaimez executed a Pick-A-Payment Mortgage in the amount of $480,000. Defendant Wells Fargo is the successor in interest to World Savings Bank. The mortgage was verified by a Promissory Note and secured by a Deed of Trust to plaintiff's Larkspur Drive property. Its provisions included prepayment penalties and variable monthly payments which continuously adjusted throughout the course of the loan. In executing the mortgage, plaintiff contends defendants misrepresented its terms and took advantage of his limited English skills.

After four years, plaintiff defaulted on the loan and on October 4, 2011, defendant Cal-Western issued a Notice of Default in the San Mateo Recorder's Office. Plaintiff insists that, prior to the Notice's filing, neither Cal-Western nor any other mortgagee, beneficiary, or authorized agent, contacted him to discuss alternatives to foreclosure as required by California Civil Code § 2923.5. According to Osorio, the Notice of Default is thereby defective. Defendants dispute this narrative, maintaining that they attempted to contact plaintiff on a number of occasions, but were unable to reach him.

Following the issuance of the Notice of Default, Wells Fargo recorded a Substitution of Trustee on behalf of Cal-Western. It, thereafter, recorded a Notice of Trustee's Sale scheduled for May 25, 2012. Plaintiff responded by filing suit in San Mateo Superior Court. Wells Fargo removed the case on the grounds of diversity jurisdiction and plaintiff subsequently brought an *ex parte* application for TRO to postpone the foreclosure sale. Plaintiff's application was granted, a preliminary injunction hearing date was set for June 7, 2012, and defendants were ordered to address the matter of federal jurisdiction in light of Cal-Western's California residence status.

### III. STANDARD OF REVIEW

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, removal jurisdiction exists where a case filed in state court presents a federal question or involves diversity of citizenship and meets the statutory amount in controversy. *See* 28 U.S.C. §§ 1331, 1332. Courts strictly construe the removal statute against finding jurisdiction and defendant bears the burden of establishing the basis for removal. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding

the right to remove an action, it should be resolved in favor of remand to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### III.  DISCUSSION

Defendant Cal-Western is indisputably a citizen of California, and therefore removal jurisdiction would be lacking unless it was fraudulently joined or its presence in this litigation otherwise can be disregarded. Joinder of a non-diverse defendant is deemed to be fraudulent if it is "obvious" that plaintiff cannot state a claim against the resident defendant. *See McGabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). There is a strong presumption against fraudulent joinder, and defendants who assert this defense in order to defeat diversity jurisdiction "carry a heavy burden of persuasion." *Lieberman v. Meshkin, Mazandarani*, C-96-3344 SI, 1996 WL 732506 (N.D. Cal. Dec. 11, 1996); *cf. Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotations omitted). Indeed, they must show to "a near certainty" that joinder was fraudulent and that "plaintiff has *no actual intention to prosecute* an action against those particular resident defendants." *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (emphasis in original) (citing *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3rd Cir.1980)); *see Lewis v. Time, Inc.,* 83 F.R.D. 455, 466 (E.D.Cal.1979), *aff'd,* 710 F.2d 549 (9th Cir.1983).

Wells Fargo has failed to overcome the strong presumption against fraudulent joinder because it is possible for plaintiff to prevail on its California Civil Code § 2923.5 claim against Cal-Western.[1] *Quiroz v. Valley Forge Ins. Co.*, No. C 05-2025 SBA, 2005 WL 1806366, at *3 (N.D. Cal. July 28, 2005) (emphasizing the strong presumption in courts against fraudulent joinder and the heavy burden on defendant to prove it). Section 2923.5 requires "a mortgagee, trustee, beneficiary, or authorized agent" to comply with certain procedures during the foreclosure process. Cal. Civ. Code § 2923.5. Osorio states that Cal-Western, acting as an agent of the loan beneficiary, failed to follow these procedures prior to filing the Notice of Default. *See id.* Specifically, Cal-Western

---

[1] Plaintiff also contends Cal-Western violated § 17200 of the California Business and Professions Code. Since the § 2923.5 claim serves as the predicate act for the § 17200 claim, for purposes of this motion, it is unnecessary to discuss the merits of plaintiff's dependent claim.

3

1  allegedly did not contact plaintiff to assess his financial obligations or to discuss alternatives to
2  foreclosure. *Id.*

3  Despite plaintiff's allegations, Wells Fargo argues that, as a trustee, Cal-Western cannot be
4  held liable because it is merely a nominal party in this action, it was therefore fraudulently joined,
5  and its residence cannot be used to defeat diversity jurisdiction. Simply being a trustee, however,
6  does not automatically render a resident defendant a nominal party.[2]  *Couture v. Wells Fargo Bank,*
7  *N.A.*, No. 11-CV-1096-IEG (CAB), 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011) (finding that
8  being a trustee is not enough to render Cal-Western a nominal party when plaintiff has substantive
9  claims against Cal-Western) (citing *Silva v. West Fargo Bank, N.A.*, No. CV 11-3200 GAF (JCGx),
10 2011 WL 2437514, at *5 (C.D. Cal. June 16, 2011))). Admittedly, trustees are often deemed
11 nominal parties, *see Moreno v. Wells Fargo*, No. C-11-05189 EDL, 2011 WL 6372637, at *6 (N.D.
12 Cal. Dec. 20, 2011), but an exception is made where the complaint contains substantive allegations
13 against the trustee or seeks to recover money damages from the trustee. *Latino v. Wells Fargo*
14 *Bank*, No. 2:11-cv-02037-MCE-DAD, 2011 WL 4928880, at * 3 (E.D. Cal. Oct. 17, 2011) (citing
15 *Silva*, 2011 WL 2437514, at *5). Here, the FAC asserts substantive claims against Cal-Western,
16 alleging the company acted improperly as a trustee, colluded with Wells Fargo to defraud plaintiff,
17 and benefitted from the joint conspiracy. The FAC also seeks monetary damages from Cal-
18 Western.

---

[2] After the Court granted plaintiff's TRO and the parties submitted their briefs addressing the question of federal jurisdiction, Cal-Western filed a declaration of non-monetary status claiming that it is a nominal party. Such a filing does not alter the Court's final conclusion because a declaration of non-monetary status does not render Cal-Western a nominal party if it acted improperly as a trustee, if plaintiff has stated a claim for monetary damages against Cal-Western, or if Cal-Western has a stake in the action against Wells Fargo. *Compare Lawrence v. Aurora Loan Serv., L.L.C.*, No. 1:09cv01598 LJO DLB, 2010 WL 449734, at *5 (E.D. Cal. Feb. 8, 2010) (finding that Cal-Western was not a nominal party even after the filing of a declaration of nonmonetary status because Cal-Western's improper actions as a trustee indicated that it was obviously implicated in the suit, and plaintiff sought monetary damages against Cal-Western), *with Delgado v. Bank of Am. Corp.*, No. 1:09cv01638 AWI DLB, 2009 WL 4163525, at *4-5 (E.D. Cal. Nov. 23, 2009) (determining that ReconTrust was a nominal party because declaration of nonmonetary status indicated that ReconTrust did not act improperly in its capacity as a trustee, only performed ministerial acts for main defendant, and had no stake in the court action against main defendant (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000))). Here, the plaintiff claims Cal-Western acted improperly and demands money damages from all defendants, Cal-Western included.

Furthermore, it is unclear whether Cal-Western may be considered a trustee for purposes of fraudulent joinder. Wells Fargo did not file the Substitution of Trustee, thereby, officially designating Cal-Western as its trustee, until a month after Cal-Western allegedly violated § 2923.5. Accordingly, Wells Fargo has not met its burden of demonstrating that Cal-Western's joinder was improper and, consequently, that federal jurisdiction is appropriate under 28 U.S.C. § 1332.

### III.  CONCLUSION

This matter is hereby remanded. The preliminary injunction hearing set for June 7, 2012 is vacated.

IT IS SO ORDERED.

Dated: 6/5/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE